702 S.E.2d 559

**In the Matter of John E. CHEATHAM, Respondent.**

**No. 26896.**

Supreme Court of South Carolina.

Submitted Nov. 8, 2010.

Decided Dec. 6, 2010.

440

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

John E. Cheatham, of Lexington, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition of an admonition or a public reprimand, agrees to complete the Legal Ethics and Practice Program Ethics School and Trust Account School, and to pay the costs of these proceedings. We accept the agreement and issue a public reprimand.

Further, respondent shall complete the Legal Ethics and Practice Program Ethics School and Trust Account School within one (1) year of the date of this opinion and shall pay the costs of these proceedings within thirty (30) days of this opinion. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

Respondent represented the plaintiff in a post-divorce domestic action. The parties reached a verbal agreement at a hearing and the family court instructed respondent to draft a proposed order. The next day, respondent faxed his original proposed order to opposing counsel for review. In response, opposing counsel drafted his own version of the proposed order and faxed it to respondent. Respondent has no record or recollection of receiving opposing counsel's draft, but does not dispute opposing counsel's records demonstrating his version of the draft order was successfully faxed to respondent's office.

Unaware of opposing counsel's response, respondent again faxed his original proposed order to opposing counsel. He attached the same fax cover sheet he had previously used but marked "second request" and the date at the bottom of the document. Approximately a week later, respondent submitted his proposed order to the family court along with a copy of his fax cover sheet indicating he had made a third attempt to receive opposing counsel's input on the proposed order before submitting it to the court. The fax cover sheet warned that the proposed order would be given to the judge on a specific date if opposing counsel had not responded. Although he asserts he sent the "third request" fax to opposing counsel, respondent cannot document transmission of the fax to opposing counsel and opposing counsel insists he did not receive the "third request" fax.

Respondent did not serve opposing counsel with a copy of the proposed order when he submitted it to the family court. It was not until respondent received additional correspondence in which opposing counsel inquired about the proposed order and asked respondent not to submit it to the court until they

reached an understanding that respondent advised he had already submitted the order to the family court. By that time, the judge had already signed and filed the order. Ultimately, additional litigation was necessary to resolve issues opposing counsel had with the order.

Respondent admits his submission of the proposed order to the family court without serving it at the same time and by the same manner on opposing counsel violated Rule 5(b)(3), SCRCP. He further admits his conduct violated Rules 3.4(c) and 3.5(b), RPC, Rule 407, SCACR, although he submits his violation of these rules was unintentional and inadvertent. Respondent believed when he submitted his original proposed order to the court that he had complied with Rule 5, SCRCP, because he had previously submitted it to opposing counsel for review and was unaware of opposing counsel's response.

## Matter II

Complainant A hired respondent to represent her in a divorce action and custody action. Respondent filed the complaint. At the temporary hearing, the family court awarded Complainant A temporary custody, set visitation as Complainant A had requested, and appointed a Guardian ad Litem (GAL). The family court instructed respondent to prepare the proposed order.

Before the order was drafted and signed, Complainant A attempted to pay her portion of the GAL's retainer. The GAL would not accept payment until the court had issued a written order so Complainant A submitted her check to respondent's office with the intention it would be forwarded to the GAL at the appropriate time. Respondent's assistant mistakenly believed the check was for earned legal fees and deposited the check into respondent's operating account. The error was not discovered for many months and was resolved only after the GAL threatened Complainant A with a contempt action for failing to pay her portion of the retainer and Complainant A twice informed respondent's office that she had submitted her portion of the retainer to the office. Respondent states that the first time Complainant A informed his office that she had given the retainer check to the office, she did not provide a copy of the check. When she provided a copy of the check, the error was quickly realized and resolved.

The temporary order respondent drafted and the family court signed erroneously set visitation by reference to a non-existent prior order rather than the pleadings. Respondent explains he erroneously referred to a prior order because the parties had been exercising visitation as set out in the temporary order from a prior domestic action in another county which had been previously dismissed for inactivity.

The erroneous reference in the order respondent drafted and the court signed resulted in confusion between the parties. Complainant A asked respondent to resolve the matter. Respondent attempted to have the order amended by consent, but the parties could not reach agreement on the language for an amended order.

Respondent admits he also failed to timely communicate the father's request for extended summer visitation to Complainant A.

### Matter III

Complainant B hired respondent to represent her in a domestic matter involving child custody, visitation, and support. At the time respondent was hired, the parties were operating under an order from a prior action which gave custody of the child to the paternal grandmother and required both parents to pay child support to her through the family court.

Several months after the new action commenced, Complainant B advised respondent the parties had reached an agreement which opposing counsel would reduce to writing. Respondent repeatedly asked opposing counsel about the agreement, but did not receive any substantive response for several months.

Finally, opposing counsel faxed a proposed consent order to respondent. It provided that physical custody would be transferred to Complainant B, her child support arrearage would be forgiven upon receipt of a specified partial payment, and she would begin receiving child support from the father. Respondent informed opposing counsel that the proposed order was satisfactory and asked him to provide a signature page for Complainant B to sign. Opposing counsel never provided a signature page for the parties to sign and did not

submit the consent order to the family court for more than one year. However, in accordance with the parties' agreement, Complainant B paid her child support arrearage and the child was placed in her care. While Complainant B was operating under the agreement but no order existed, she could not prove the child was lawfully in her care, reportedly did not receive child support from the father, and did not have an enforceable child support order. Additionally, during this time, she was the subject of a contempt proceeding for the arrearage she owed to the grandmother under the prior order although that matter was successfully resolved with respondent's assistance.

Respondent admits he failed to adequately follow up on the status of the proposed consent order or take other actions to protect Complainant B's interests.

### Matter IV

Respondent's bank reported that a check drawn on his trust account was dishonored for insufficient funds. Respondent acknowledges he issued a check to a client for the client's portion of a settlement before depositing the settlement funds into his trust account. Respondent deposited the settlement funds on the same day he issued the check to his client. A review of respondent's trust account records revealed he had a reserve of approximately $1,200.00 of his own funds in the account.

Respondent has now modified his office practice to ensure funds are deposited and collected before they are disbursed. Additionally, he has withdrawn his excess personal funds from his trust account and now maintains only enough of his personal funds in the account as is necessary to pay service charges.

Throughout the investigation of these matters, respondent has been fully cooperative with ODC.

### LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable

diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter); Rule 1.15(a) (lawyer shall hold property of client or third party which is in lawyer's possession in connection with representation separately from lawyer's own property); Rule 1.15(b) (lawyer may deposit the lawyer's own funds in client trust account for sole purpose of paying service charges on that account, but only in amount necessary for that purpose); Rule 1.15(d) (lawyer shall promptly deliver to client or third person any funds or other property that client or third person is entitled to receive and, upon request by client or third person, shall promptly render full accounting regarding such property); Rule 1.15(f) (lawyer shall not disburse funds from account containing the funds of more than one client or third person unless funds to be disbursed have been deposited in the account and are collected funds); Rule 3.4(c) (lawyer shall not knowingly disobey obligation under the rules of a tribunal); and Rule 3.5(b) (lawyer shall not communicate ex parte with a judge during proceeding unless authorized to do so by law or court order). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for a lawyer to violate Rules of Professional Conduct).

### CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct. Within one (1) year of the date of this opinion, respondent shall complete the Legal Ethics and Practice Program Ethics School and Trust Account School and, within thirty (30) days of the date of this opinion, he shall pay the costs of these proceedings.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.